UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06 CV 290

| | |
|---|---|
| TOMMY E. MARTIN )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MECKLENBURG COUNTY PARK )<br>AND RECREATION DEPARTMENT )<br>)<br>      Defendant. )<br>) | ORDER |

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss and/or for Judgment on the Pleadings" (Document #9) pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Both parties also brought to the Court's attention documents outside the scope of the pleadings, which, under Rule 12(c), requires that the matter be treated as a motion for summary judgment under Rule 56.

For the reasons stated below, this Motion is GRANTED.

**I. BACKGROUND**

Plaintiff Martin ("Martin") was an employee of Defendant Mecklenburg County Park and Recreation Department ("the Department"). Martin alleges that he was the victim of discrimination based on a disability on or around September 19, 2005. *Complaint* ¶ C2. Martin's disability, according to his Brief in Support of Judgment on the Defendants, is his race. *See Plaintiff's Brief in Support of Judgment on the Defendants*, page 2. As a result of that discrimination, Martin filed a charge with the Equal Employment Opportunity Commission

("EEOC") on or around April 3, 2006. *Complaint* ¶ C3.

While he was working for the Department, Martin suffered on-the-job injuries for which he received worker's compensation. *Complaint* ¶ F. During the resolution of those claims, Plaintiff executed two documents: a resignation of employment and a release and dismissal of all claims and actions stemming from

> alleged violation of law and/or public policy pertaining to affirmative action, defamation, employment contracts, equal employment opportunity, personal injury, retaliatory employment discrimination, and/or wrongful discharge/termination.

*See Answer, Exhibit* A. Martin signed both documents, effective February 24, 2006, under the supervision of his attorney.

## II. DISCUSSION

A 12(b)6 motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard

as a motion to dismiss under Rule 12(b)(6).  *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).  If matters "outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Federal Rule of Civil Procedure 12(c)*.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence.  *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).  The party opposing the motion may not rest upon its pleadings but instead must provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248.  This evidence must be properly authenticated pursuant to Rule 56(e).  *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).  The movant may be entitled to summary judgment merely by showing that the other side will not be able to prove an essential element of its case with respect to which it has the burden of proof.  *Celotex,* 477 U.S. at 322-23.

**A. Mecklenburg County Park and Recreation Department Cannot Be Sued**

In general, in the absence of a statute ordering otherwise, only persons can be named as defendants.  *Davis v. Messer*, 457 S.E.2d 902 (1995).  In addition, departments of cities cannot be sued alone.  *See Coleman v. Cooper*, 366 S.E.2d (1998)(a police department does not have liability), *Jones v. City of Greensboro*, 277 S.E.2d 562, 576 (1981)(a police department is a component part of a city and lacks the capacity to be sued).

In this case, there is no statute that would allow the Department to be sued.  Therefore,

Martin cannot bring his claim against the Department and the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted.

**B. Plaintiff Has Released Any Possible Claims**

During the worker's compensation mediation, during which he was represented by counsel, Martin signed two documents, each effective February 24, 1006. One was a voluntary resignation from his position with the Department and the other was a release and dismissal of all claims and actions including actions relating to

> alleged violation of law and/or public policy pertaining to affirmative action, defamation, employment contracts, equal employment opportunity, personal injury, retaliatory employment discrimination, and/or wrongful discharge/termination.

In his Complaint, Martin asserts that he experienced a discriminatory act on or around September 19, 2005, and thus would be contained by the release. Since the release includes any incidents prior to the effective date, including the alleged discrimination in September 2005, Martin is barred from bringing his claim of discrimination. Thus, summary judgment should be granted against Martin pursuant to Federal Rule of Civil Procedure 56.

**C. Race is Not a Disability Under the ADA**

The Americans With Disabilities Act ("ADA") mandates that

> no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

*See* 42 U.S.C. § 12101.

The term "disability" refers to

> a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.

*See Id.*

Under the ADA, race is not a disability because race is not a physical or mental impairment. Therefore, Martin cannot bring a suit for racial discrimination under the ADA. The Department's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) should be granted.

**D. Plaintiff's Claim Is Barred by the Applicable Statute of Limitations**

The ADA requires a plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged adverse employment action. 42 U.S.C. §§ 12117(a) 2000e-5(e)(1).

In this case, Martin asserts that the discriminatory conduct occurred on September 19, 2006, but he did not file his EEOC charge until April 3, 2006, 195 days after the discrimination. Therefore, his claim is barred by the ADA's statute of limitations.

Accordingly, the Defendant's "Motion to Dismiss and/or for Judgment on the Pleadings" is hereby GRANTED.

IN ADDITION, since the Court considered documents outside the pleadings in its analysis of 12(c), under Rule 56, summary judgment is also GRANTED in favor of the Defendant.

IT IS SO ORDERED.

Signed: December 20, 2006

Graham C. Mullen
United States District Judge